UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JOSE CORREA, | : | |
| --- | --- | --- |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:17cv1059 (VLB) |
| | : | |
| McLEOD, *et al.* | : | |
| *Defendants.* | : | July 11, 2017 |

## INITIAL REVIEW ORDER

On June 29, 2017, the Plaintiff, Jose Correa, an inmate currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed a complaint pursuant to 42 U.S.C. § 1983 against Correction Officer McLeod, Lieutenant Lindsey, Correction Officer Ortyl, Correction Officer Heinberg, Correction Officer Weir, Correction Officer Daigle, Correction Officer Pinar, Correction Officer Beaulier, Correction Officer Cassidy, Correction Officer Boudreau, Correction Officer Carasquillo, Administrator Cournoyer,[1] Deputy Warden Mulligan, Lieutenant Perylo, and Dr. Wright.  The Plaintiff is suing each defendant in his or her individual and official capacities for violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  He is seeking declaratory, injunctive, and monetary relief.  For the reasons that follow, his complaint will be dismissed in part.

---

[1] The ECF docketing system lists this defendant as "Courneyer." Upon information and belief, the correct spelling of this defendant's last name is "Cournoyer."

I. **Factual Allegations**

On February 27, 2016, at approximately 4:00 p.m., the Plaintiff was in the 3-East day room at Northern for recreation, when correctional officers searched through his cell and "wreck[ed]" his legal papers. Frustrated, the plaintiff threw a plastic container at Correction Officer McLeod, hitting him on the left side of his face. The Plaintiff immediately lied face-down on the ground in submission. Nevertheless, Correction Officer John Doe proceeded to punch and kick the Plaintiff in the ribs. The Plaintiff was then placed in restraints, and multiple John Doe officers continuously beat the plaintiff and "bang[ed]" his head against the concrete floor. Lieutenants Lindsey and Guimond then sprayed a chemical agent in the Plaintiff's face. Afterward, the Plaintiff was denied a shower to wash off the chemical agent, and was also denied medical care and food. Officers also continued to harass him.

At 4:45 p.m., Officer Boudreau "called in a false code," claiming that the Plaintiff was attempting to damage his restraints, which prompted Lieutenant Perylo to deploy another chemical agent on the Plaintiff and call him names. Once again, the Plaintiff was denied a shower to wash off the agent and was continuously harassed.

The Plaintiff wrote multiple inmate request forms and grievances seeking medical attention, but no one responded. The Plaintiff later learned that the correctional officers at Northern were reading his legal

2

mail and telling other inmates his charges, which the Plaintiff believed put him in danger.

II. Standard of Law

Pursuant to 28 U.S.C. § 1915A, this Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

III. Analysis

The Plaintiff claims that the officers and staff at Northern violated his Fourth Amendment rights by unlawfully searching his cell, reading his mail, and using excessive force against him, violated his Eighth Amendment right against cruel and unusual punishment by acting with

deliberate indifference to his safety and medical needs and failing to protect him from harm, violated his Fifth Amendment rights, and unlawfully discriminating against him on the basis of his race.

A. <u>Personal Involvement</u>

"It is well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted); *see also Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under § 1983). A plaintiff who sues a supervisory official for monetary damages must allege that the official was "personally involved" in the constitutional deprivation in one of four ways: (1) the official directly participated in the deprivation; (2) the official learned about the deprivation through a report or appeal and failed to remedy the wrong; (3) the official created or perpetuated a policy or custom under which unconstitutional practices occurred; or (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event. *Wright*, 21 F.3d at 501; *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003). In addition, the plaintiff must allege a causal link between the conduct of the supervisory official, or lack thereof, and the injury. *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).

The only Defendants mentioned in the Plaintiff's statement of facts are Lieutenant Perylo, Lieutenant Guimond, Lieutenant Lindsey, Correction

4

Officer McLeod, Correction Officer Boudreau, and several unnamed correction officers identified only as John Does. Thus, aside from these individuals, all claims against Defendants listed in this action are DISMISSED for lack of personal involvement.

Moreover, the Plaintiff does not explain how Officer McLeod was involved in the attack or denial of care thereafter. He only alleges that McLeod was hit in the face by the plastic container thrown by the Plaintiff. Therefore, the claims against Officer McLeod are also DISMISSED.

### B. Claims Against Defendants in their Official Capacities

To the extent that the Plaintiff seeks money damages from the Defendants in their official capacities, those claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). All such claims are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2).

### C. Fourth Amendment Claims

The Plaintiff claims that the Defendants violated his Fourth Amendment rights in three ways: (1) searching his cell; (2) reading his mail; and (3) using excessive force against him. A prisoner has no reasonable expectation of privacy in his prison cell. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984); *Smith v. Woods*, 219 F. App'x 110, 111 (2d Cir. 2007). The interception of a prisoner's mail does not violate the Fourth Amendment where the officer(s) had "good" or "reasonable" cause to inspect it. *United States v. Felipe*, 148 F.3d 101, 108 (2d Cir. 1998).

5

Moreover, the Plaintiff has not specified which, if any, of the Defendants were involved in the interception of his mail. Therefore, his first two Fourth Amendment claims are DISMISSED for failure to state a claim.

The Fourth Amendment's protection against unreasonable seizures prohibits the use of excessive force by police officers in arresting suspects. *Hemphill v. Schott*, 141 F.3d 412, 416-17 (2d Cir. 1998). To establish a Fourth Amendment excessive force claim, the Plaintiff must show that the force used by the officer was "objectively unreasonable." *Graham v. Connor*, 490 U.S. 386, 397 (1989). The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable police officer on the scene (*id.* at 396) and "requires consideration of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Hemphill*, 141 F.3d at 417.

With respect to his third Fourth Amendment claim, the Plaintiff alleges that Lieutenant Lindsey, Lieutenant Guimond, Lieutenant Perylo, Officer Boudreau, and several John Doe corrections officers used excessive force on him after he threw a plastic container at Officer McLeod by physically assaulting him and spraying him with chemical agents despite his submission to their authority. Based on these allegations, the Plaintiff has stated a plausible excessive force claim against those Defendants. Thus, the Court will permit his Fourth Amendment claim to

6

proceed against Lindsey, Guimond, Perylo, Boudreau, and the John Doe officers.

D. <u>Fifth Amendment Claims</u>

The Plaintiff claims that the defendants violated his Fifth Amendment rights but does not explain which specific right was violated or how, if at all, the Defendants violated that right. Therefore, his Fifth Amendment claim is DISMISSED for failure to state a claim.

E. <u>Eighth Amendment Claims</u>

The Plaintiff claims that the Defendants violated his Eighth Amendment protection against cruel and unusual punishment by acting with deliberate indifference to his safety and medical needs and failing to protect him from harm.

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Hudson*, 468 U.S. at 526-27. To state a claim for deliberate indifference to safety or failure to protect from harm, the plaintiff must show that the alleged conduct is sufficiently serious and that the defendants acted with a sufficiently culpable state of mind, that is, that they acted maliciously and sadistically to cause harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Matthews v. Armitage*, 36 F. Supp. 2d 121, 124 (N.D.N.Y. 1999). The defendants must have been aware that the plaintiff faced an excessive risk to his health and safety and ignored that risk. *See Farmer*, 511 U.S. at 837. To determine whether the plaintiff faced an excessive risk of serious harm, the courts "look at the

7

facts and circumstances of which the official was aware at the time he acted or failed to act." *Hartry v. Suffolk*, 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

"An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *West v. Atkins*, 487 U.S. 42, 54 (1988) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "[T]he State has a constitutional obligation, under the Eighth Amendment, to those whom it has incarcerated." West, 487 U.S. at 54. To state a claim for deliberate indifference to a serious medical need, an inmate must show both that his medical need was serious and that the defendants acted or failed to provide adequate medical care with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 105 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006). Negligence that would support a claim for medical malpractice

8

does not rise to the level of deliberate indifference and is not cognizable under Section 1983 (*see id.* at 280) nor does a difference of opinion regarding what constitutes an appropriate response and treatment. *See Ventura v. Sinha*, 379 F. App'x 1, 2–3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

The Plaintiff's allegations that he was assaulted and sprayed with a chemical agent while he was submissive and not resisting the Defendant's authority state plausible Eighth Amendment claims against the remaining Defendants for deliberate indifference to his safety. Thus, his Eighth Amendment claims will proceed against defendants Lindsey, Guimond, Perylo, Boudreau, and the John Doe corrections officers.

The Plaintiff has not alleged which prison officials denied his repeated requests for showers to wash off the chemical agents, medical care and food. Thus, he has failed to state a claim for deliberate indifference based on the denial of those requests. Plaintiff's deliberate indifference to medical needs claim is DISMISSED for failure to allege sufficient personal involvement.

F. Fourteenth Amendment Claims

The Plaintiff claims the Defendants violated his Fourteenth Amendment rights but does not explain which specific right was violated or how, if at all, the Defendants violated that right. He that the Defendants discriminated against him on the basis of his race but does not support

9

that claim with any facts. Therefore, the Plaintiff's Fourteenth Amendment claim is DISMISSED for failure to state a claim.

### G. Request for Declaratory Relief

Declaratory relief is a vehicle for resolving the relative legal rights of parties to an actual controversy. "The Declaratory Judgment Act of 1934, now 28 U.S.C. § 2201, 28 U.S.C.A. §2201, styled 'creation of a remedy,' provides that in a case of actual controversy a competent court may declare the rights and other legal relations of a party whether or not further relief is, or could be, sought. This is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Service Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 239 (1952) (internal quotations omitted). It serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of that right or a disturbance of the relationship." *Colabella v. American Institute of Certified Public Accountants*, 10 Civ. 2291, 2011 WL 4532132, at *22 (E.D.N.Y. Sep. 28, 2011) (citations omitted). Declaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages. *See In re Combustion Equip. Assoc., Inc.*, 838 F.3d 35, 37 (2d Cir. 1988).

The plaintiff's legal rights, outlined above, are clear and well established. The questions presented here are not whether the plaintiff has certain rights, but rather whether those rights have been denied. Thus the plaintiff asks the court to apply the facts of this case to the law and not to

determine the legal rights of the parties, and declaratory judgment is inappropriate.

Relatedly, Plaintiff's request for declaratory relief concerns only past actions. He has not identified any legal relationships or issues that require resolution by declaratory relief. See *Ward v. Thomas*, 207 F.3d 114, 119-20 (2d Cir. 2000) (holding that Eleventh Amendment bars declaration that State of Connecticut violated federal law in the past); *Camofi Master LDC v. College P'ship, Inc.*, 452 F. Supp. 2d 462, 480 (S.D.N.Y. 2006 ) (concluding that claim for declaratory relief that is duplicative of adjudicative claim underlying action serves no purpose).

Finally, declaratory judgment is a special proceeding which is available where other remedies do not exist. "A declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case. *Public Service Comm'n of Utah*, 344 U.S. at 243 (discussing commentary to Fed. R. Civ. P. 57). In this case, 42 U.S.C. 1983 affords a remedy and thus a declaratory judgment is not authorized by statute. For the foregoing reasons, the request for declaratory relief is DISMISSED.

## ORDERS

(1) All claims against Defendants McLeod, Ortyl, Heinberg, Weir, Daigle, Pinar, Carrasquillo, Beaulier, Cassidy, Cournoyer, Mulligan, Perylo, and Wright are DISMISSED. All claims against Defendants in their official capacities for monetary damages are DISMISSED.

11

**(2) Because the Plaintiff has not identified the John Doe correction officers by their true names, the Clerk is not able to serve a copy of the complaint on those Defendants in their individual capacities. The Plaintiff must, <u>within ninety (90) days of the date of this order</u>, conduct discovery and file a notice indicating the first and last name of those Defendants. If the Plaintiff files the notice, the Court will direct the Clerk to effect service of the complaint on those Defendants in their individual capacities. If the Plaintiff fails to identify those Defendants within the time specified, the claims against them will be dismissed pursuant to Fed. R. Civ. P. 4(m).**

**(3) The Plaintiff's Fourth Amendment excessive force claim may proceed against defendants Lindsey, Guimond, Perylo, Boudreau, and any John Doe officers properly and timely identified.**

**(4) The Plaintiff's Fifth Amendment claim is DIMISSED.**

**(5) The Plaintiff's Eighth Amendment claim for deliberate indifference to safety and/or failure to protect will proceed against Defendants Lindsey, Guimond, Perylo, Boudreau, and those John Doe officers properly and timely identified.**

**(6) The Plaintiff's Fourteenth Amendment claim is DISMISSED.**

**(7) The Plaintiff's request for declaratory relief is DISMISSED.**

**(8) <u>Within twenty-one (21) days of this Order</u>, the U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on Defendants Lindsey, Guimond, Perylo, Boudreau, and the John Doe officers in their official capacities by delivering one copy of the necessary**

documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(9) The Clerk shall verify the current work addresses for Defendants Lindsey, Guimond, Perylo, and Boudreau with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to each Defendant at the confirmed address <u>within twenty-one (21) days</u> of this Order, and report to the Court on the status of the waiver request on the <u>thirty-fifth (35) day after mailing</u>. If any Defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him or her, and the Defendant shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(10) The Defendants shall file their response to the complaint, either an answer or motion to dismiss, <u>within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them</u>. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(11) Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed <u>within six months (180 days) from the date of this order</u>. Discovery requests need not be filed with the court.

(12) All motions for summary judgment shall be filed <u>within seven</u>

**months (210 days) from the date of this order.**

**SO ORDERED this 11th day of July, 2017 at Hartford, Connecticut.**


       **_____/s/_____**
       **VANESSA L. BRYANT**
       **UNITED STATES DISTRICT JUDGE**